HODGSON *v.* WILLIAM BEAUMONT HOSPITAL.

HOSPITALS — CHARITABLE INSTITUTION — EVIDENCE — QUESTION FOR JURY.

 Evidence adduced on remand for determination by trial court, by opinion and order on issue of defendant's claim that it was a charitable institution, which included evidence of sources of its construction funds and operating revenue, the nature and extent of its operating costs, nature of its corporate powers and manner of their exercise, annual value of unreimbursed and partially unreimbursed services, bad debts, and value of other miscellaneous services claimed to be charitable *held,* to have presented a question for submission to the jury in action for personal injuries, since evidence adduced was not so conclusive as to justify trial court's holding that defendant was a charitable institution as a matter of law.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted February 4, 1964. (Calendar No. 24, Docket No. 49,056.) Decided June 1, 1964.

Case by Louise Stevens Hodgson against William Beaumont Hospital, a Michigan corporation, for personal injuries sustained in fall while a patient. After remand for additional proof, case dismissed on motion on finding of court that defendant was a charitable institution. Reversed and remanded for trial of issue by jury.

*Kelman, Loria, Downing & Craig (George L. Downing,* of counsel), for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Peacock* and *Charles T. McGorisk,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTE
26 Am Jur, Hospitals and Asylums § 3.

Souris, J. This is a negligence action against defendant hospital. The acts of negligence alleged occurred prior to our decision in *Parker* v. *Port Huron Hospital,* 361 Mich 1, in which, for that case and for causes of action subsequently arising, we renounced the rule of charitable hospital immunity. On the day this case was assigned for jury trial, after rendition of our decision in *Parker,* defendant orally moved its dismissal on the ground that defendant was a charitable institution and, therefore, immune from liability for its acts of negligence occurring prior to the decision in *Parker.*

Upon refusal of plaintiff's counsel to admit that defendant was a charitable hospital, the trial court ordered testimony to be taken on that issue for determination by him before a jury was sworn. Only defendant's business manager testified and at conclusion of his testimony the trial judge dismissed the action holding, as a matter of law, that defendant was a charitable hospital and, therefore, entitled to immunity for its negligent actions occurring prior to our decision in *Parker* v. *Port Huron Hospital.*

Upon appeal we remanded, *sua sponte*:

"for the taking of additional proofs relating to defendant's claim that it is a charitable institution, such proofs to include, but shall not be limited to, evidence of defendant's rendition of services to indigent sick or injured persons, the extent thereof, the manner in which such services are determined to be rendered, and the extent to which defendant is compensated therefor, directly or indirectly, by governmental agencies, from insurance benefits or otherwise; the sources of its operating revenues and the uses to which they are put; the manner in which the affairs and the property of the defendant are managed, and by whom; the limitations, by deed or otherwise, upon disposition of the property of

defendant upon dissolution, in whole or in part; and other evidence relevant to a determination of such claim.

"Upon taking such additional proofs, the trial court, by opinion and order, shall redetermine such claim upon the record as so supplemented. In the event defendant's motion is again granted, the entire record shall be certified to this Court for submission and determination of such reviewable questions as then may appear. In such event, plaintiff shall have 30 days from the entry of such order to supplement her brief and appendix and defendant may supplement its brief and appendix within 30 days thereafter."

Additional proofs were taken on remand and Judge Murphy again dismissed the action. The supplemental record thus made on remand has been certified to us for our consideration in the decision of this appeal. We need not detail the evidence produced. Suffice it to say that it included evidence of the sources of defendant's construction funds, the sources of its operating revenue and the nature and extent of its operating costs; the nature of its corporate powers and the manner of their exercise; the annual value of unreimbursed services rendered to "charity" patients and to patients referred to it by the Oakland county welfare department for which services it was only partially reimbursed; bad debts written off as uncollectible; and the value of other miscellaneous services claimed by the hospital to be charitable in their nature.

Unlike *Podvin* v. *St. Joseph Hospital,* 369 Mich 65, defendant's assertion that it was a charitable hospital was not unopposed nor was defendant's evidentiary showing so conclusively persuasive that the trial judge was entitled to rule, as a matter of law, that defendant was a charitable hospital. Defendant's motion should have been denied without

prejudice to submission of the issue to the jury at trial.\*

Reversed and remanded.   Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

---

\* The issue for jury determination was framed, in Michigan, in *Bruce* v. *Henry Ford Hospital*, 254 Mich 394, 399, 400, as we recently noted in the *Podvin Case, supra*, at p 67, by adoption of the following test from 30 CJ, Hospitals, § 1, p 462:

" 'The test which determines whether a hospital is charitable or otherwise is its purpose, that is, whether it is maintained for gain, profit, or advantage, or not.   And the question of whether a hospital is maintained for the purpose of charity or for that of profit is to be determined, in case the hospital is incorporated, not only from its powers as defined in its charter but also from the manner in which it is conducted.' "