## CIBOR *v.* OAKWOOD HOSPITAL
### OPINION OF THE COURT

1. JUDGMENT — SUMMARY JUDGMENT — ACCELERATED JUDGMENT — CHARITABLE IMMUNITY.

   A motion for accelerated judgment and not a motion for summary judgment is a proper motion for assertion of defense of charitable immunity since if proven the defense serves to cut off the right to relief even though the facts pleaded would otherwise state a claim (GCR 1963, 116, 117.2[1]).

2. APPEAL AND ERROR—SEPARATE TRIAL OF ISSUES—CHARITABLE IMMUNITY.

   Summary order of dismissal as to issue of charitable immunity in favor of defendant hospital was equivalent to trying that issue separately, so that finding of trial judge that hospital could not be liable because of its charitable status could have been basis of appeal by plaintiff as of right rather than application for leave to appeal from partial summary judgment as to charitable immunity.

3. TORTS—CHARITABLE IMMUNITY—ABOLITION—EFFECTIVE DATE.

   September 15, 1960, is the effective date of abolition in Michigan of the common-law immunity to tort actions of charitable institutions and such a defense is not available as to causes of action accruing after that date.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur 2d, Charities § 173.
   41 Am Jur, Pleading §§ 335–343.
[2, 10] 4 Am Jur 2d, Appeal and Error § 104.
   41 Am Jur, Pleading § 343.
[3] 15 Am Jur 2d, Charities §§ 152–155.
[4] 15 Am Jur 2d, Charities §§ 152, 169, 173.
[5] 15 Am Jur 2d, Charities § 173.
[6] 15 Am Jur 2d, Charities §§ 169, 173.
[7] 5 Am Jur 2d, Appeal and Error § 839.
   15 Am Jur 2d, Charities §§ 169, 173.
[8] 41 Am Jur, Pleading §§ 340–343.
[9] 5 Am Jur 2d, Appeal and Error § 839.
   41 Am Jur, Pleading §§ 340–343.

4. Same—Charitable Immunity—Accrual of Action.

Defense of charitable immunity is available to hospital defendant where negligent act complained of took place during hospital stay terminated before date of decision of case abolishing the defense since cause of action accrued while defense was still available (CLS 1961, § 600.5827).

5. Same—Charitable Immunity—Charitable Institution—Question for Trier of Fact.

Whether hospital is a charitable institution is a question for the trier of fact unless facts are so conclusively persuasive that the trial judge may rule as a matter of law.

6. Same—Charitable Immunity—Verdicts and Findings.

Factual determination in case of negligently inflicted injury to plaintiff hospital patient that defendant hospital was a charitable institution for purposes of defense of charitable immunity to tort action *held,* not clearly erroneous on record presented (GCR 1963, 517.1).

CONCURRING OPINION
Levin, J.

7. Torts—Charitable Immunity—Verdicts and Findings.

*Trial judge's findings of fact as to status of defendant hospital as charitable institution* held, *not clearly erroneous on record presented.*

8. Judgment — Summary Judgment — Accelerated Judgment — Charitable Immunity.

*Defendant's motion for summary judgment was the proper motion for testing existence of factual dispute as to grounds for assertion of defense of charitable immunity, since the substantiality of that defense could not be tested by invoking any of the specific grounds set forth in the accelerated judgment rule (GCR 1963, 116.1, 117.2[1]).*

9. Same—Summary Judgment—Trial of Fact Issues—Consent of Plaintiff.

*Findings of fact of trial judge as to issue of charitable status of hospital on motion by hospital for summary dismissal on grounds of defense of charitable immunity should be upheld because plaintiff consented to trial judge determining factual dispute on such motion, and not because trial judge's course of action was equivalent to separate trial of issue of charitable*

*immunity since a course of action not reflected in an order under court rules to try an issue separately does not constitute such separate trial (GCR 1963, 505.2).*

10. Appeal and Error—Separate Trial of Issues—Charitable Immunity.

> *Defendant could not appeal as of right from summary order of dismissal as to issue of charitable immunity where it was not a final judgment on issue since trial judge failed to make determination that there was no just reason for delay and failed to expressly order entry of judgment on that issue (GCR 1963, 518.2).*

Appeal from Wayne, Bowles (George E.), J. Submitted Division 1 November 9, 1967, at Detroit. (Docket No. 2,014.) Decided October 24, 1968.

Complaint by Esther Cibor against Oakwood Hospital, a Michigan corporation, for damages for personal injuries caused by negligence of defendant's employee. Partial summary judgment for defendant. Plaintiff appeals. Affirmed.

*Mansfield, Sulzbach & Jones,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant.

J. H. Gillis, J. Plaintiff Esther Cibor appeals from a partial summary judgment[1] granted by the trial court in favor of defendant Oakwood Hospital on the basis that the defendant is a charitable insti-

---

[1] Although referred to as a summary judgment (GCR 1963, 117.2 [1]) by counsel and court below, the defense of immunity is one which serves, if proven, to extinguish or cut off the right to relief even though the facts pleaded would otherwise state a claim. Such motion therefore should have been brought under the accelerated judgment provisions of GCR 1963, 116. In this case, however, this matter is one of labels.

tution and thus immune from liability for negligent acts of its employees.

Plaintiff alleged that while a patient in defendant hospital she was administered an injection in the left buttock by a student nurse, as a result of which she suffered pain, numbness and paralysis of the left leg and foot. She claimed negligence on the part of defendant by virtue of the negligence of its employee and by hiring or permitting the student nurse to administer injections.

The pleadings in the trial court are voluminous and no useful purpose will be served by restating the numerous allegations and motions in this opinion. Insofar as pertinent to this appeal, the record indicates that on September 10, 1963 the trial judge granted defendant's motion to dismiss the complaint as to the question of the negligence of the employee in administering the injection on the basis of charitable immunity but denied defendant's motion as to the alleged negligence in selecting the employee, the so-called administrative negligence aspect of the case.

The trial judge, in basing the dismissal on charitable immunity, placed the date of the tort sued upon as occurring prior to the decision in *Parker* v. *Port Huron Hospital* (1960), 361 Mich 1, which prospectively abolished immunity of charitable institutions for negligent acts of its agents and servants.

Undaunted, plaintiff sought leave to amend her pleadings relying on *Hodgson* v. *William Beaumont Hospital* (1964), 373 Mich 184, as to the issue of charitable immunity. In numerous interrogatories, motions and briefs thereafter filed, plaintiff contested the finding of defendant's standing as a charitable institution and defendant pressed its motions to dismiss as to the entire case. Plaintiff argued

that under *Hodgson,* the question of whether defendant is a charitable institution is one of fact and not properly the subject of summary dismissal by the trial court.

The trial judge, apparently in agreement with plaintiff's reading of *Hodgson* (and, we may add, our own as well), reopened the charitable immunity question, permitted certain additional discovery, and scheduled an evidentiary hearing for October 27, 1965. Since this was a nonjury case, the trial judge sat as both the trier of fact and law, and ruled that defendant was, in fact, a charitable institution.

An order of dismissal as to charitable immunity alone was entered on February 25, 1966 and plaintiff filed her claim of appeal from this partial summary judgment. The procedural effect of this course of action by the trial judge was equivalent to trying the issue of charitable status separately (GCR 1963, 505.2). As a result of the finding of charitable status, the motion for summary judgment as to defendant's tort liability was granted, for the reason that plaintiff failed to state a claim on which relief could be granted. Therefore, the plaintiff might well have claimed her appeal by right from the judgment as to status instead of applying for appeal as from a partial summary judgment as to charitable immunity. The question is moot, however, so far as this plaintiff is concerned, as application was made and leave granted by this Court as to all the issues raised. We shall therefore treat the matter as a partial summary judgment since this is the manner in which it has come before us.

Plaintiff raises two rather lengthy issues on this appeal which may be paraphrased as:

(1) Where the alleged negligent act occurred on May 17, 1960 and plaintiff was discharged from defendant hospital on June 22, 1960, did the cause

of action accrue prior to September 15, 1960 (the "sunbursting" date of *Parker* v. *Port Huron Hospital, supra*)?

(2) Was defendant a charitable institution within the meaning of the pre-*Parker* immunity?

Defendant in turn raises certain procedural questions as to the lack of jurisdiction of this Court, the untimeliness of plaintiff's filings with this Court, and plaintiff's failure to comply with our rules pertaining to form and content of the brief. We decline to speak of these matters as being without controlling merit, and having already been answered by order of this Court.[2]

## Accrual of the Cause of Action

The decisive date regarding the imposition of liability against charitable institutions for the negligence of its servants is September 15, 1960, the effective date of the decision of *Parker* v. *Port Huron Hospital, supra*. The lengthy and well considered opinion leaves little to the imagination as to the date from which the rule shall operate, 361 Mich at p 28, and that the rule shall be effective as of the date of accrual of the cause of action. *id.*

Plaintiff in this case complained of a negligent act occurring prior to September 15, 1960; she was discharged from defendant hospital prior to that date. No other argument is made as to why the cause of action did not accrue prior to September 15 except, perhaps, that found in the framed question, to-wit: that plaintiff was treated as late as January,

---

[2] On April 6, 1967, a motion was heard by this Court to remove this case from the no progress docket. Defendant's answer in opposition on the show cause why the case should not be removed raised these identical points in its brief and answer. By order of the above date, the time for filing briefs was extended and the case removed, this Court having determined the issues raised in opposition adversely to defendant.

1961, by the same physician who had attended her at Oakwood Hospital.

The contention is amply refuted by the provision in CLS 1961, § 600.5827 (Stat Ann 1962 Rev § 27A-.5827) which states that a claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

### DEFENDANT'S STATUS AS A CHARITABLE INSTITUTION

Under *Hodgson* v. *William Beaumont Hospital, supra,* this issue is one of fact and must be decided by the finder of fact unless the facts are so "conclusively persuasive" that the trial judge may rule as a matter of law. Plaintiff's brief and attached exhibits abound with financial records, data and minutes of directors' meetings of defendant hospital—ostensibly in order to persuade this Court that the defendant hospital was not a "charitable institution."

The trial judge, as the finder of fact and based on testimony presented, ruled on the question of status. A review of this factual determination by the trial judge is subject to the same tests on review as any other nonjury proceeding, *viz.:* was the finding clearly erroneous? GCR 1963, 517.1.

We think not.

The very excellent opinion of the learned trial judge hardly needs improvement here. Solely in the interest of brevity we do not quote extensively therefrom. However, the trial judge, in reviewing the nature of the operations of defendant hospital in 1959 and 1960, stated:

"The articles of incorporation provide that the hospital 'shall be operated exclusively for charitable, scientific and educational purposes.' It is fur-

ther provided that 'None of the members, trustees, or officers of this corporation shall have any interest in the property, funds or earnings of the corporation in their individual or private capacities; and prior to any dissolution of this corporation, after payment of debts, necessary expenses and obligations of the corporation, all of its properties and monies shall be applied and used and entirely consumed, distributed and paid over exclusively to such public, charitable, scientific or educational hospital institutions, societies, organizations and corporations not for profit as shall be selected.' The land on which the hospital stands contains a restrictive covenant requiring that it 'shall be used for public hospital purposes and for no other purpose whatsoever.'

"Trustees and officers, which have included Henry Ford II, the late Donald B. McLouth, president of McLouth Steel Co., the late Frederick A. Knorr, president of Knorr Broadcasting Co., Arnold W. Hartig, vice president of Chrysler Corporation, Allen W. Merrell, vice president of Ford Motor Company and the late Paul H. Carnahan, chairman of the board of National Steel Company, serve without compensation.

\* \* \*

"While nonprofit is not synonymous with charitable, it is noted that taxing authorities have declared defendant to be exempt as a nonprofit institution including the Board of Review, City of Dearborn, in 1950, the Michigan department of revenue, 1950, Internal Revenue Service, 1954 and the Michigan employment security commission, 1956, all of which are consistent with a favorable ruling in 1954 by the Michigan State tax commission. The Michigan Supreme Court in *Stann* v. *Oakwood Hospital et al,* 361 Mich 225 (1960), referred to the defendant as a charitable institution and in *Oakwood Hospital* v. *Michigan State Tax Commission,* 374 Mich 524 (1965), with reference to the property tax exemption applicable to certain houses rented by the hos-

pital to its residents and interns, referred to defend-
ant as a nonprofit corporation.

\*     \*     \*

"It is the only voluntary community teaching hos-
pital in southwestern Wayne county. It affords in-
service training programs for operating room tech-
nicians, nursing aides, orderlies, ward clerks and
dietary and housekeeping employees. Its medical
education is directed by an M.D., and in 1960, it
expended $158,000 on its medical educational pro-
gram. As a community facility, the hospital has
diabetes detection facilities including a free diag-
nostic blood test and, both the Dearborn Community
Health Council and the Michigan Diabetes Associa-
tion, hold meetings and programs at the hospital.

\*     \*     \*

"Defendant's exhibit 12 sets forth the dollar
amounts of free care rendered which, from 1953
through 1960, aggregated $1,069,000; the dollar
amount of free medical care rendered by the hos-
pital since 1951 exceeded its net operating income
by $82,000.

\*     \*     \*

"The submissions and testimony give the financial
history of the institution, which is consistent with
that of a charitable nonprofit corporation. In 1959,
defendant was forced to borrow more than half a
million dollars and in 1960, expenses exceeded in-
flow, excluding loans by $319,000. With a bank loan
of $245,000, it showed a net loss of $74,000. In the
period 1953 to 1960, defendant borrowed $1,350,000.

"Donations from 1948 to 1960 were $6,241,000, of
which $1,842,000 are traceable to federal Hill-Burton
grants, and an additional $3,060,000 was received
from the Greater Detroit Building Fund, now a
United Foundation enterprise. The Ford Founda-
tion granted $122,500. The hospital meets current
expenses out of current income and, on a number

of occasions, the hospital has been required to request an advancement from Blue Cross."

Affirmed. Costs to appellee.

Quinn, J., concurred with J. H. Gillis, J.

Levin, P. J., (*concurring*). I agree with my colleagues that the trial judge's findings of fact are not clearly erroneous and hence we should affirm his order.

I cannot join in the portions of the Court's opinion concerning procedural aspects of the case.

I

Footnote 1 of the Court's opinion states that the defendant's motion for summary judgment should have been brought as a motion for accelerated judgment. In my opinion a motion for summary judgment on the ground that there was no genuine issue as to any material fact concerning the charitable immunity defense was entirely proper.[1]

The grounds upon which a motion for accelerated judgment may be brought are particularized in GCR 1963, 116.1. The substantiality of the defendant's charitable immunity defense could not be tested by invoking any of the specific grounds stated in rule 116.1.

II

Defendant's motion for summary judgment raised one question and one question alone: Was there a

---

[1] Actually the motion of the defendant which was granted in the order here on appeal was a "motion to dismiss". However, plaintiff's answer to such motion to dismiss expressly chose to treat it as a motion for summary judgment under GCR 1963, 117.2(1)(3). Plaintiff's proposed findings of fact on the charitable immunity issue ran 19 pages and closed with the request that the court deny defendant's "motion for summary judgment".

genuine issue as to any material fact? The record and the trial judge's opinion granting the summary judgment show that there was a genuine issue as to the material fact of charitable immunity. However, the plaintiff was content to have the judge anticipate his role as trier of fact in this nonjury case and to decide the question presented by the motion for summary judgment on the basis of the testimonial and other evidence of record. (See footnote 1.)

That the plaintiff waived her right to a trial of the "genuine issue" appears from the fact that plaintiff filed proposed *findings* of fact with the trial judge, and also appears from the fact that the plaintiff's brief on appeal voices no objection to the trial judge's disposition by summary judgment of the genuine factual issue.

It is because the plaintiff consented to the procedures that were followed not because the "course of action by the trial judge was equivalent to trying the issue of charitable status separately, GCR 1963, 505.2", that we should not disturb the trial judge's order deciding the genuine issue of material fact on the merits without a trial hearing.

A trial judge's "course of action" not reflected in an order entered pursuant of GCR 1963, 505.2 is not the equivalent of a rule 505.2 order directing a separate trial of a claim or issue.

### III

The majority suggests that it was unnecessary for the plaintiff to apply for leave to appeal, that the order here on appeal was appealable as of right. I cannot agree.

This is an appeal from an order disposing of less than all plaintiff's claims. GCR 1963, 518.2 provides

that when more than one claim for relief is presented the court may direct the entry of a final judgment as to less than all the claims "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment". Absent such a determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims does not terminate the action as to any of the claims and is subject to revision at any time before the entry of judgment adjudicating all the claims. In consequence, such an order or other form of decision is not a final judgment and is not appealable as of right.

The order now before us did not contain a determination and direction pursuant to rule 518.2 and, therefore, it was not appealable as of right.