ROMISCH v FEDER

EQUITY—LACHES—ESTOPPEL—TAXATION—SPECIAL ASSESSMENTS—VA-
LIDITY—EVIDENCE—STATUTES.

Plaintiff property owners were barred by laches and estoppel
from prevailing in an action for a determination that a special
assessment as applied to them was void and to recover all
special assessment taxes paid, where credible evidence showed
that the special assessment roll was confirmed without plain-
tiffs making an objection thereto at or prior to the hearing on
confirmation, where no notice of intent to commence suit was
filed within 30 days after confirmation as required by the city
charter and code, where payments were made on the assess-
ments without protest, and where the project was completed
and the contract price fully paid by the city approximately
three years before plaintiffs commenced their action (MCLA
211.53; Southfield City Charter, § 9.26[c]; Southfield City Code,
title I, ch 6, § 1.241).

Appeal from Oakland, Robert L. Templin, J.
Submitted Division 2 June 26, 1974, at Detroit.
(Docket No. 18208.) Decided September 11, 1974.

Complaint by Max L. Romisch and Claire J.
Romisch against Norman W. Feder and others to
have a special assessment declared void and to
recover all special assessment taxes paid. Sum-
mary judgment for defendants. Plaintiffs appeal.
Affirmed.

*Gage, Brukoff, Dubin & Siudara,* for plaintiffs.

*Sigmund A. Beras,* Southfield City Attorney, for
defendants.

REFERENCE FOR POINTS IN HEADNOTE
70 Am Jur 2d, Special or Local Assessments §§ 231, 233, 234.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

PER CURIAM. To pay the cost of improving Bell Road in the City of Southfield, properties fronting thereon were subject to a special assessment. The plaintiffs, who owned two lots on Bell Road, claim that their lots were improperly assessed at 100% of the front footage on Bell Road rather than at 50% thereof as used on certain other corner lots in the same district. By this action, commenced July 23, 1971, they seek a determination that the assessment was void and other appropriate relief.

The defendants' answer denys that the plaintiffs' lots were improperly assessed and asserts as affirmative defenses: (1) that the plaintiffs were barred from objecting to the assessment because they failed to make timely objection as required by the applicable Southfield ordinance,[1] thus depriving the city council of an opportunity to view the alleged invalidity; (2) because they failed to object for approximately three years after the making of the improvement; (3) that plaintiffs were guilty of laches and estoppel; (4) that they failed to give written notice of intention to file a suit within 30 days of confirmation of the assessment role as required by the city charter[2] and code;[3] and (5) that payments made by the plaintiffs were not made under protest as required by statute.[4]

The defendants' "Motion for Summary Judgment" was supported by an affidavit of the city attorney that the special assessment role was confirmed by the city council on May 5, 1969; that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Title I, ch 6, §§ 1.233 and 1.234.

[2] Sec. 9.26(c).

[3] Title I, ch 6, § 1.241.

[4] MCLA 211.53; MSA 7.97.

plaintiffs made no objection thereto at or prior to the hearing on confirmation; that no notice of intent to commence suit was filed within 30 days after confirmation; that payment in full for the assessment on one lot in the amount of $2,226.90 was made on July 6, 1969 and that four installment payments were made on the other lot on July 7, 1969, August 21, 1970, August 30, 1971, and August 20, 1972; that none of these payments were made under protest; and that the project was completed and the contract price fully paid by the city in 1969.

None of these facts are contested.

The trial judge granted the motion, saying:

"Plaintiffs did, evidently, obtain notice at some time because they paid one assessment completely and made partial payments on the second now contested parcel without protest. The Court in no way finds how the plaintiffs can be heard to complain of the assessments. The court finds that the procedures were regular and *it is now just too late for plaintiffs to complain.*" (Emphasis added.)

We are not concerned whether a motion for summary judgment or a motion for accelerated judgment was the proper remedy.[5] The plaintiffs were informed of, were prepared to, and did meet the issue. The trial judge in effect ruled that plaintiffs were barred by laches and estoppel and we agree.

No costs, a public question being involved.

Affirmed.

---

[5] *See* GCR 1963, 117.2 and 116.1; *Cibor v Oakwood Hospital,* 14 Mich App 1; 165 NW2d 326 (1968), n 1; and *Birch Run Nursery v Jemal,* 52 Mich App 23; 216 NW2d 488 (1974), n 1.