## HICKS v AGNEY

Docket No. 50006. Submitted December 10, 1980, at Detroit.—Decided February 17, 1981. Leave to appeal applied for.

James Haack was severely injured when his motorcycle was struck by a truck belonging to Atlas Portable Equipment Corporation and driven by George L. Agney. An action was brought by James Haack and his wife Marva which resulted in a settlement in favor of the Haacks. Subsequently, the Court of Appeals, in the case of *Berger v Weber,* 82 Mich App 199; 267 NW2d 124 (1978), announced that a child has a cause of action for loss of parental society and companionship when the child's parent is severely injured. Following that decision, the three minor children of James and Marva Haack, Katherine Haack Hicks, Reva Haack, and Kevin Haack, by their next friend Orvey Haack, brought an action for damages against Agney and Atlas. The Wayne Circuit Court, Harold Hood, J., granted summary judgment in favor of the defendants on the basis that the plaintiffs failed to state a cause of action upon which relief could be granted. Plaintiffs appeal, alleging that the court's statement in *Berger* that the new rule would apply to "all future cases" refers to cases filed after the *Berger* decision. *Held:*

The term "future case" is synonymous with "future cause of action". A cause of action arises at the time of accrual of the claim, which is the time when the wrong upon which the claim is based is committed. Because the plaintiffs' claim accrued prior to the rule announced in *Berger,* that rule does not apply, and the trial court was correct in granting summary judgment.

Affirmed.

N. J. KAUFMAN, J., dissented. He would reverse, holding that the *Berger* rule applied to all future cases filed as well as to all cases pending on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 4 Am Jur 2d, Appeal and Error § 300.

5 Am Jur 2d, Appeal and Error § 729.

16A Am Jur 2d, Constitutional Law § 661 *et seq.*

[3] 73 Am Jur 2d, Statutes §§ 350-352.

OPINION OF THE COURT

1. WORDS AND PHRASES — FUTURE CASES — CAUSE OF ACTION.

   The term "future cases" as used by the Court of Appeals in describing the prospective effect of a decision refers to cases in which the cause of action accrues after the date of the decision.

2. ACTIONS — ACCRUAL OF CLAIM — STATUTES.

   Generally, a claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results (MCL 600.5827; MSA 27A.5827).

                DISSENT BY N. J. KAUFMAN, J.

3. ACTIONS — CAUSE OF ACTION — RULE OF LAW — RETROACTIVITY.

   *The rule previously announced by the Court of Appeals, that a child has a cause of action for loss of parental society and companionship when the child's parent is injured, should apply to all future cases filed as well as to all cases pending on appeal at the time of that decision.*

*Paul D. Sherr,* for plaintiffs.

*Sommers, Schwartz, Silver & Schwartz, P.C.,* for defendants.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and M. J. KELLY, JJ.

V. J. BRENNAN, P.J. Plaintiffs appeal as of right from an order entered on October 29, 1979, granting summary judgment in favor of defendants pursuant to GCR 1963, 117.2(1). The plaintiffs in the present case are the minor children of James and Marva Haack.

On May 18, 1971, plaintiffs' father, James Haack, was injured when defendant Agney drove his truck into the back of the motorcycle Mr. Haack was driving. As a result of the injury from this accident, Mr. Haack is a paraplegic. In 1972, Mr. Haack and his wife brought a suit against the defendants for injuries caused by the accident. The children's claims were not pleaded in that suit.

That suit was settled for $850,000 on July 23, 1973. At the time of the parents' suit and subsequent settlement, Michigan law did not recognize that a child could maintain an independent cause of action for loss of parental society and companionship when a parent is severely injured.

However, on April 3, 1978, the Court of Appeals in *Berger v Weber,* 82 Mich App 199; 267 NW2d 124 (1978), *lv gtd* 403 Mich 846 (1979), held that a child did have a cause of action for loss of parental society and companionship when the parent is severely injured.

The *Berger* Court, in appreciation that it was recognizing a new cause of action, gave the caveat that:

"In the interests of justice and fairness we hold the new rule to apply to the instant case and all future cases. See *Plumley v Klein, supra* [388 Mich 1; 199 NW2d 169 (1972)], at 8." 82 Mich App at 213.

Thereafter, on April 12, 1979, the plaintiffs in the instant case filed their suit.

The narrow issue on appeal is whether plaintiffs' cause of action is included or precluded by the *Berger* Court's decision that the new cause of action would apply to all "future cases". Plaintiffs argue that "future case" refers to a case filed after the *Berger* decision while defendants argue that "future case" refers to a case in which the claim accrues after the *Berger* decision. We agree with the defendants.

In *Parker v Port Huron Hospital,* 361 Mich 1, 28; 105 NW2d 1 (1960), the Court overruled the doctrine of common law immunity to tort actions of charitable institutions. The new rule was held to apply "to the instant case and to all future causes of action arising after September 15, 1960,

the date of the filing of this opinion". In the paragraph following this statement, the Court used the phrase "this case and future cases", thus, using "future causes of action" and "future cases" interchangeably. The Court of Appeals interpreted these phrases in *Cibor v Oakwood Hospital,* 14 Mich App 1; 165 NW2d 326 (1968), to mean that if the cause of action had accrued prior to September 15, 1960, then the defense of charitable immunity was available to the hospital. The Court found that the plaintiffs' claim had accrued prior to the decisional date and, therefore, was invalid. Further, the Supreme Court said "future causes of action *arising";* we interpret the word "arising" to mean accrued.

A claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results. MCL 600.5827; MSA 27A.5827. In the present case, plaintiffs' cause of action accrued on May 18, 1971, because this is the date that their father was injured. The *Berger* rule became effective on April 3, 1978, and applied to that case and all future cases or future causes of action. Since plaintiffs' claim accrued prior to April 3, 1978, the rule enunciated in *Berger* does not apply to plaintiffs' claim. Therefore, the grant of summary judgment was not erroneous.

Affirmed.

M. J. KELLY, J., concurred.

N. J. KAUFMAN, J. *(dissenting).* I respectfully dissent. Until the Supreme Court clarifies the decision in *Berger v Weber,* 82 Mich App 199; 267 NW2d 124 (1978), *lv gtd* 403 Mich 846 (1979), I would hold that the rule announced by our Court

in *Berger* applies to all future cases as well as to all cases pending on appeal. See *Murray v Beyer Memorial Hospital,* 409 Mich 217, 222-223; 293 NW2d 341 (1980). I would, therefore, reverse.