## HICKS v AGNEY

Docket No. 66757. Decided June 28, 1982. On application by the plaintiffs for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, affirmed the judgments of the Court of Appeals and the circuit court.

Orvy Haack, as next friend of Katherine Haack Hicks, Reva Haack, and Kevin Haack, minor children of James Haack, brought an action against George L. Agney and Atlas Portable Equipment Corporation for the loss by the children of the parental society and companionship of James Haack as a result of severe injuries which he sustained when his motorcycle was struck by a truck belonging to Atlas and driven by Agney. The Wayne Circuit Court, Harold Hood, J., granted summary judgment in favor of the defendants on the ground that the plaintiffs failed to state a claim on which relief could be granted. The Court of Appeals, V. J. Brennan, P.J., and M. J. Kelly, J. (N. J. Kaufman, J., dissenting), affirmed, holding that the plaintiffs' claim accrued before such a cause of action was recognized by the Court and that the recognition applied only to causes of action accruing after the date of the decision (Docket No. 50006). The plaintiffs appeal.

In an opinion per curiam, signed by Chief Justice Coleman, and Justices Kavanagh, Williams, Fitzgerald, and Moody, the Supreme Court *held:*

The recognition by the Supreme Court of a cause of action on the part of a child for the loss of parental society and companionship when the parent is negligently injured announced a new rule of law. In such circumstances, the interests of justice and fairness require that the new rule apply only to the cause which is decided and to causes of action which accrue after the decisional date of the case announcing the new rule. The date on which the Supreme Court announced the new rule was March 30, 1981, and the rule applies only to causes of action which accrue after that date. Because the plaintiffs' cause of action accrued several years prior to March 30, 1981, the rule does not apply.

Affirmed.

Justice Ryan, joined by Justice Levin, concurring, continues

to believe that the case which recognized such a cause of action was wrongly decided but accepts that decision as the law of the state.

103 Mich App 767; 304 NW2d 5 (1981) affirmed.

*Paul D. Sheer, P.C.* (by *Paul D. Sheer),* for plaintiffs.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Leonard Schwartz),* for defendants.

PER CURIAM. In *Berger v Weber,* 411 Mich 1; 303 NW2d 424 (1981), we recognized a cause of action on the part of a child for loss of parental society and companionship when a parent is negligently injured. We affirmed the decision of the Court of Appeals wherein the Court had recognized such a cause of action but had ruled that its decision would apply to all "future cases". In the instant case, the Court of Appeals declined to allow the plaintiffs to maintain such a cause of action because their cause of action had accrued prior to April 3, 1978, the date of its decision in *Berger.* 82 Mich App 199; 267 NW2d 124 (1978).

## I

In this case the plaintiffs' cause of action accrued on May 18, 1971, the date on which their father was injured. A suit brought by the father and mother was settled in 1973. The trial court, in an order dated October 29, 1979, granted summary judgment in favor of the defendants. In affirming that decision, the Court of Appeals majority held:

"The narrow issue on appeal is whether plaintiffs' cause of action is included or precluded by the *Berger* Court's decision that the new cause of action would apply to all 'future cases'. Plaintiffs argue that 'future

case' refers to a case filed after the *Berger* decision while defendants argue that 'future case' refers to a case in which the claim accrues after the *Berger* decision. We agree with the defendant.

"In *Parker v Port Huron Hospital,* 361 Mich 1, 28; 105 NW2d 1 (1960), the Court overruled the doctrine of common law immunity to tort actions of charitable institutions. The new rule was held to apply 'to the instant case and to all future causes of action arising after September 15, 1960, the date of the filing of this opinion'. In the paragraph following this statement, the Court used the phrase 'this case and future cases', thus, using 'future causes of action' and 'future cases' interchangeably. The Court of Appeals interpreted these phrases in *Cibor v Oakwood Hospital,* 14 Mich App 1; 165 NW2d 326 (1968), to mean that if the cause of action had accrued prior to September 15, 1960, then the defense of charitable immunity was available to the hospital. The Court found that the plaintiffs' claim had accrued prior to the decisional date and, therefore, was invalid. Further, the Supreme Court said 'future causes of action *arising';* we interpret the word 'arising' to mean accrued.

"A claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results. MCL 600.5827; MSA 27A.5827. In the present case, plaintiffs' cause of action accrued on May 18, 1971, because this is the date that their father was injured. The *Berger* rule became effective on April 3, 1978, applied to that case and all future cases or future causes of action. Since plaintiffs' claim accrued prior to April 3, 1978, the rule enunciated in *Berger* does not apply to plaintiffs' claim. Therefore, the grant of summary judgment was not erroneous." 103 Mich App 767, 769-770; 304 NW2d 5 (1981).

## II

There can be no question that this Court in *Berger* announced a new rule of law, recognizing a new cause of action. In such circumstances the

interests of justice and fairness require that the new rule apply only to the case which is decided and to causes of action which accrue after the decisional date of the case announcing the new rule. *Parker v Port Huron Hospital, supra.* Since our decision in *Berger* announced a new rule, we hold that that decision applies only to causes of action which accrued after March 30, 1981. Since the plaintiffs' cause of action accrued several years prior to March 30, 1981, the result reached by the Court of Appeals in the instant case was correct.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we affirm the judgments of the Court of Appeals and of the Wayne Circuit Court.

Costs to defendants.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred.

RYAN, J. While I continue to believe that *Berger v Weber,* 411 Mich 1; 303 NW2d 424 (1981), was wrongly decided, I accept the decision as the law of this state and therefore concur in the Court's opinion in this case.

LEVIN, J., concurred with RYAN, J.