GREAT LAKES RESTAURANTS, INC.  *v.*
RUMERY CONSTRUCTION CO., INC.

1. CORPORATIONS—ANNUAL  REPORTS—DEFAULT—CONTRACTS—JURIS-
DICTION—STATUTES.

The statute suspending the powers of any corporation which has defaulted in the filing of its annual report and precluding it from maintaining action on any contract entered into during the default period, does not deprive a court of jurisdiction to enforce the rights of the other party to such a contract (MCLA § 450.87).

2. CORPORATIONS—STATUTES—ANNUAL  REPORTS—DEFAULT—SUSPEN-
SION OF POWERS—REINSTATEMENT.

Corporate powers which are suspended because of a default in filing an annual report, are not reinstated by a subsequent filing of the report and the statutory prohibition against corporate enforcement of any contract entered during the default period is perpetual (MCLA § 450.87).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3]  18 Am Jur 2d, Corporations § 174 *et seq.*
[4]  41 Am Jur, Pleading § 155 *et seq.*
[5, 6]  41 Am Jur, Pleading § 293.

3. Parties — Defenses — Standing — Corporations — Contracts — Specific Performance.

Defendant landowner was a proper party to raise the issue of plaintiff corporation's legal capacity to enforce specific performance of a land contract which defendant landowner had with codefendants who had contracted to convey the land to plaintiff where plaintiff had specifically made the landowner a party defendant, and had asked that she be compelled to transfer the land to her codefendants to enable plaintiff to seek specific performance of its contract with the codefendants.

4. Motions—Accelerated Judgment—Timeliness—Court Rules.

Defendant's motion for accelerated judgment because of plaintiff corporation's legal disability to enforce a contract it entered during the time when its corporate powers had been suspended, although proper, was not timely made where she raised the defense in her second amended answer because, by court rule, an affirmative defense should be asserted in a party's first responsive pleading or by motion filed not later than the first responsive pleading (GCR 1963, 116.1).

5. Pleadings—Amendments—Court Rules—Discretion.

Permission to add a new defense by amendment is within the trial judge's discretion and leave to amend should be freely granted when justice requires, and amendments which still provide an adverse party with reasonable notice of the claim and time to prepare a defense are normally allowed (GCR 1963, 118.1).

6. Pleadings—Amendment—Court Rules—Discretion.

Trial court's failure to rule on defendant's motions for leave to file her second amended answer to raise the affirmative defense that plaintiff corporation lacked legal capacity to sue, and for an accelerated judgment on that ground, required remand of the cause to the trial court to enable it to exercise its discretion in either granting or denying the motions (GCR 1963, 116.1, 118.1).

Appeal from Kalamazoo, James E. Hoff, J. Submitted Division 3 March 6, 1970, at Grand Rapids. (Docket No. 7,775.)    Decided April 29, 1970.

Complaint by Great Lakes Restaurants, Inc., against Rumery Construction Co., Inc., Robert W.

Rumery, Barbara Rumery, Jacob A. Dalm, Jr., Elizabeth Dalm, and Helen Frays, for specific performance of a land contract. Complaint dismissed for lack of jurisdiction. Plaintiff appeals. Reversed and remanded.

*Stratton, Wise, Early, Starbuck & Lennon,* for plaintiff.

*Brown, Colman & DeMent (Cholette, Perkins & Buchanan,* of counsel), for defendant Helen Frays.

Before: R. B. BURNS, P. J., and FITZGERALD and LEVIN, JJ.

R. B. BURNS, P. J. Plaintiff entered into a land contract with all of the defendants except Helen Frays on September 16, 1968. These defendants had a prior land contract with the defendant Frays which involved the same land. After entering into the first land contract and prior to Frays' conveyance of the land to the remaining defendants, Frays filed with the register of deeds a declaration of restrictions affecting this property.

Plaintiff instituted suit against all of the defendants except Frays for specific performance of the land contract. A count against defendant Frays sought to require her to transfer the property to her codefendants. Both groups of defendants filed answers and cross-claims against each other. The defendants represented by Rumery Construction acknowledged a willingness to convey the property to the plaintiff.

Three months after suit was initiated, 2-1/2 months after the filing of her original answer and two weeks after filing an amended answer defend-

ant Frays filed a motion for leave to amend her amended answer and cross-claim. Attached to this motion was the proposed second amended answer. The proposed amended answer for the first time raised an affirmative defense which questioned the corporate status of the plaintiff. The proposed amended answer alleged that at the time the plaintiff entered into the land contract with the other defendants its corporate power was suspended for its failure to file an annual report. Defendant Frays also moved for an accelerated judgment.

The trial court did not rule on defendant Frays' motions for leave to file her second amended answer or for an accelerated judgment. On its own motion the court did rule that it lacked jurisdiction to hear the case as plaintiff's corporate powers were suspended at the time plaintiff entered into the land contract it sought to enforce.

MCLA § 450.87 (Stat Ann 1963 Rev § 21.87) states:

"If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of state shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this state upon any contract entered into during the time of such default."

The trial court erred when on its own motion it dismissed plaintiff's cause of action for lack of jurisdiction. The statute involved provides that a

corporation that has failed to file its annual report shall have its corporate powers suspended and shall not be allowed to maintain certain actions in the courts of the state. The statute does not say the court shall lack jurisdiction. To the contrary the statute allows the other party to a contract to enforce the contract against the corporation.

*Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions* (1918), 202 Mich 106, 110 states:

"If plaintiff is barred from maintaining this action because of the statutory provision, that fact has no bearing upon the jurisdiction of the court but may be pleaded by defendants as an affirmative defense in bar of the action."

Plaintiff's argument that its rights were merely suspended during the period of default and that its rights were reinstated when it filed its report is contrary to *Irvine & Meier* v. *Wienner* (1920), 212 Mich 199, wherein the Court stated on p 201:

"This view is a plausible one, but we are not persuaded that the language will permit of that construction."

Plaintiff also argues that Frays is not a proper party to raise the issue of plaintiff's standing to sue as she is not a contracting party. Plaintiff specifically made Frays a party defendant and asked the court to compel Frays to transfer the property to the other defendants to enable the plaintiff to seek specific performance of its contract with the other defendants. The entire suit was instituted for the enforcement of contractual rights of the plaintiff. The statute is punitive and prevents the plaintiff from maintaining suits to enforce contracts executed while its corporate powers were suspended. Frays was a proper party to raise the issue of the plaintiff's corporate status.

The motion for accelerated judgment was proper but not timely.

GCR 1963, 116.1 states:

"In a party's first responsive pleading, or by motion filed not later than his first responsive pleading, a party may demand that service of process be quashed or that judgment be entered dismissing 1 or more claims asserted against him upon any of the following grounds: *  *  *

"(3) the party asserting the claim lacks legal capacity to sue,  *  *  *

"(5) the claim is barred because of  *  *  *  or other disability of the moving party  *  *  *  ."

Defendant Frays claims such a defense and the defense should have been raised in her first responsive pleading or by motion filed not later than her first responsive pleading.

In *Villamor* v. *Premier Insurance Company* (1968), 13 Mich App 30, the plaintiff argued that the trial judge should not have permitted the defendant to amend its answer raising the issue of time limitation. The Court held GCR 1963, 118.1 provided that leave to amend should be freely granted when justice required and permission to add a new defense by amendment was within the trial judge's discretion; that failure to plead the time limitation provision of the policy in the first responsive pleading did not constitute an absolute waiver of that defense.

Amendments are normally allowed if they still provide the adverse party with reasonable notice of the claim and time to prepare a defense.

The cause is remanded to the trial court to exercise its discretion either granting or denying defendant Frays' motion to amend her answer and also

to grant such other relief as is necessary. Costs to defendant Frays.

All concurred.