MILLS v. STANKIEWICZ

1. MOTIONS—ACCELERATED JUDGMENT—QUESTION OF LAW.
    A motion for accelerated judgment may be granted prior to trial where there is no disputed issue of fact but only a question of law to be determined (GCR 1963, 1163).

2. LIMITATION OF ACTIONS—TOLLING—INTOXICATING LIQUORS—DRAM-SHOP ACT—PROCESS.
    The provisions of the general statute of limitations that an action is tolled when the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service but in such case shall not be tolled larger than 90 days thereafter, applies to the provision of the dramshop act that any action under the latter act shall be instituted within two years of the happening of the event (MCLA §§ 600.5856, 436.22).

3. INTOXICATING LIQUORS—DRAMSHOP ACT—LIMITATION OF ACTIONS—PROCESS.
    An action under the dramshop act was properly instituted and there was proper service of process on defendants where plaintiff filed the complaint and delivered copies of the summons, complaint and demand for jury trial to the county deputy sheriff for service one day before the two-year limitation provided for in that act and service was made on the defendants two days later (MCLA § 436.22).

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 April 10, 1970, at Lansing. (Docket No. 7,295.) Decided October 28, 1970.

REFERENCES FOR POINTS' IN HEADNOTES
[1] 41 Am Jur, Pleadings §§ 326–361.
[2, 3] 45 Am Jur 2d, Intoxicating Liquors § 589.
    What statute of limitations applies to action under dramshop or civil damage act. 55 ALR2d 1286.

Complaint by William S. Mills, administrator of the estate of Margaret R. Mills, against Edward B. Stankiewicz and Theora M. Stankiewicz, doing business as Pink Elephant Bar, and Western Casualty and Surety Company for damages under the dramshop act. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded for trial.

*Ronald J. Parker,* for plaintiff.

*Best & Arnold,* for defendants.

Before: McGREGOR, P. J., and DANHOF and LARNARD,* JJ.

LARNARD, J. This appeal comes to us as a matter of right from a circuit court order granting appellees' motion for accelerated judgment in an action under Michigan's dramshop act, MCLA § 436.22 (Stat Ann 1970 Cum Supp § 18.993). The basis upon which the motion was granted by the circuit court was that the two-year limitation period provided for in the above statute had expired. The facts here presented are not complex. Appellant's decedent died as a result of an automobile accident which occurred on November 7, 1966. Appellant, as administrator of the estate, commenced this action on November 6, 1968, one day before the expiration of the two-year limitation period, by filing the complaint with the county clerk. On the same day, copies of the summons, complaint, and demand for jury trial were delivered to the county deputy-sheriff for service. Service was made on the appellees on November 8, 1968, one day after the two-year period provided for in the dramshop act had expired.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Appellant has raised the question as to whether the motion for accelerated judgment was premature in this case, in view of GCR 1963, 116.3, which provides in part:

"As to defenses and objections based upon subrule 116.1(5), the court may order immediate trial of any disputed question of fact * * * and shall postpone the hearing if a jury trial has been demanded pursuant to right."

There was no disputed question of fact in this case. The above section applies only in instances supported by affidavits. Since the question determined by the lower court was one of law, there was no error in deciding it prior to trial.

The second question presented on this appeal is whether an action under MCLA § 436.22 is timely instituted when the complaint is filed, but service is not made on the defendant until after the two-year period has expired.

The statute provides simply that:

"Any action shall be instituted within 2 years after the happening of the event."

While we find that "instituted" as used in the context of this statute means the same as and is analogous to the more common term "commenced", we do not feel that it would be correct to extend the meaning commonly attributed to these terms to include or imply the concept of a requirement of service within a stated period where the legislature did not so provide.

Turning to the applicable provision of RJA § 1901, (MCLA § 600.1901 [Stat Ann 1962 Rev § 27A.1901]); GCR 1963, 101, we find that:

"A civil action is commenced by filing a complaint with the court."

We find once again a legislative silence as to when service must actually be made to satisfy the two-year-limitation period. The ambiguity thus presented under the dramshop act emphasizes the fact that the legislature did not go far enough in its attempt to create an all inclusive statute of limitation within the context of this particular statute. The incompleteness thus presented by the dramshop act requires us to go outside the body of the statute for clarification (for, if not so, we come to to an impasse). We, therefore, come to the crux of the issue presented in this case which is whether the language found in the general statute of limitations provisions of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856), which states in part:

"The statutes of limitations are tolled when . . . (3) the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service but in this case the statute shall not be tolled longer than 90 days thereafter.",

should apply to the statute of limitations under the dramshop act.

In a recent case decided by a separate panel of this Court, it was held that the general statute of limitations provisions above quoted did not apply but that an action under the dramshop act would be timely commenced if service is made within a reasonable time after the expiration date of the limitation period. See *Davis* v. *Beres* (1970), 24 Mich App 130.

The majority in *Davis* place great emphasis on the decision in *Holland* v. *Eaton* (1964), 373 Mich 34, 40, and the language from that case:

"In light of the above, it is clear that our construction of the time limitation period in the dram-

shop act must lead us to only 1 conclusion, namely, that the intent of the legislature was to *exclude* the application to suits under the dramshop act of the savings provisions of the general statute of limitations." (Emphasis added.)

As mentioned in Judge DANHOF's concurring opinion in *Davis,* the Court in *Holland* was not construing a savings provision at all similar to that which we have in our case adopted in the Revised Judicature Act, § 5856, and concerned with the service of process requirement, but rather was dealing with a savings provision which concerned such issues as "infancy" and the right to refile after dismissal not on the merits.

This *distinction* between the savings provisions discussed and interpreted in the *Holland* case and those savings provisions adopted under the Revised Judicature Act, § 5856, was stressed in the majority opinion in *Troy W. Maschmeyer Company* v. *Haas* (1965), 376 Mich 289, decided one year after *Holland.* Although the holding of the *Maschmeyer* case is not controlling because there was no majority opinion, the reasoning of Justice SMITH is persuasive. Referring to the *Holland* case as a controlling factor on the application of the general statute of limitations savings provisions under the Revised Judicature Act, he stated:

"Such cases are distinct and distinguishable from the case at bar. We are not here concerned with the type of 'savings provisions' or 'exceptions' present in *Holland, Bement* (1916), 194 Mich 64, and *Bigelow* (1934), 267 Mich 409, if we are concerned with them at all. In *Holland,* the 'savings provisions' had to do with infancy, and the right to refile after dismissal not on the merits. * * * What is most significant in each case cited is that plain-

tiff commenced action after the limitational period contained in the statute creating the cause of action.

\* \* \*

"We do not construe, however, either *Holland, Bement,* or *Bigelow* as being decisive of the issue before us.

"We do say that the 1-year period of limitation in the mechanic's lien act is a matter of substance and that said limitation is, therefore, a limitation of the right. *Bement v. Grand Rapids & I. R. R. Co., supra. However, the mechanic's lien act clearly does not deal with the necessary procedural problem of how process is to be issued and served, and, if not, what happens then. One has to look to the general procedural statute, the Revised Judicature Act of 1961 (RJA), for resolution of this problem.*

\* \* \*

"Applying the facts in this case to the rule stated above, we conclude first of all that the RJA which became effective January 1, 1963, applies to this proceeding begun February 28, 1963; that when the action was commenced February 28, 1963, by filing of the complaint, assuming complaint and summons in good faith were placed in the hands of the officer for immediate service and *lis pendens* was recorded, the lien was continued pending the proceedings, subject however to the following; when the action was commenced, it served to toll the 1 year period of limitation contained in the mechanic's lien act but only for a maximum of 90 days from commencement of the action." [Emphasis added.]

Turning to the committee comment following Stat Ann 1962 RJA § 5856, we find the logic underlying the enactment of the new tolling statute:

"Section 5856 is designed to avoid the problems which have commonly arisen in those jurisdictions

lacking such a section, as to precisely at what point the statutes of limitation are tolled.

\*   \*   \*

"It is unrealistic to argue that defendants are put on notice of a lawsuit merely because a public court record exists to that effect. The defendant has a vital interest in being informed of the pendency of an action against him. Thus we have sought to enable a plaintiff to avoid the bar of a statute of limitations by taking the proper steps of establishing a court record (filing the complaint) and complying with the requirements of a method reasonably calculated to give a defendant notice. At the same time, we have required the plaintiff to prosecute his action diligently by the imposition of a maximum tolling period. The rights of both parties are thus protected."

The simple answer in this case would be to lay down the ancient rule that service following "institution" of suit by filing, should be made within a "reasonable time", absent statutory directive contained in the act itself. Hence, following *Davis, supra,* is a logical result. However, logical as it may be, it serves small purpose to place each case on its own facts and merits. To so do would create a morass of doubt and confusion.

Although the dramshop act admits need for final legislative clarification, the bench and bar are entitled to a present rule which is both fair and certain. Both from the viewpoint of the reasoning and language in *Maschmeyer,* which was decided subsequent to *Holland,* and the rule of "certainty" offered by RJA § 5856, as opposed to the "sea of doubt" which might result from the rule of reasonableness advanced by the majority in the *Davis* case, we conclude that the 90-tolling provision of the general statute of limitations found in RJA § 5856 ap-

plies to the two-year limitation provision of the dramshop act, MCLA § 436.22 (Stat Ann 1970 Cum Supp § 18.993) and that the action in this case was properly instituted and that there was proper service of process on appellees.

Reversed and remanded for trial.

All concurred.