VAN BUREN v B & J MOVING & STORAGE, INC.

1. Limitation of Actions—Defenses—Affirmative Defense—Court Rules.

   The statute of limitations is an affirmative defense (GCR 1963, 111.7, 116.1[5]).

2. Pleading—Defenses—Affidavit Hearing—Jury Trial—Court Rules.

   Affidavit hearings and immediate trials concerning defenses are available in certain circumstances but this procedure is not available if jury trial was timely demanded (GCR 1963, 116.3).

3. Pleading—Complaint—Conclusory Terms—Court Rules.

   A complaint must set forth "a statement of the facts without repetition upon which the pleader relies" and may not be phrased in conclusory terms (GCR 1963, 111.1[1]).

4. Judgment—Summary Judgment—Accelerated Judgment—Limitation of Actions—Questions of Fact.

   Entry of summary or accelerated judgment was improper where a plaintiff raised the question of tolling the statute of limitations by the disability of insanity, because this raised questions of fact to be determined at trial.

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted Division 2 May 9, 1974, at Lansing. (Docket No. 18066.) Decided June 27, 1974.

Complaint by Lorraine Van Buren against B & J Moving and Storage, Inc., and Earl Wentworth for damages resulting from her eviction from premises

References for Points in Headnotes

[1] 51 Am Jur 2d, Limitation of Actions § 453.
[2] 47 Am Jur 2d, Jury §§ 57, 58.
[3] 61 Am Jur 2d, Pleading § 187 *et seq.*
[4] 73 Am Jur 2d, Summary Judgment § 26.

possessed by her. Summary judgment for defend-
ant B & J Moving and Storage, Inc., and acceler-
ated judgment for defendant Wentworth. Plaintiff
appeals. Reversed and remanded with instructions.

*Karl A. H. Bohnhoff,* for plaintiff.

*Spence & Martin,* for defendant B & J Moving
and Storage, Inc.

*O'Connor, McNamara & O'Keeffe,* for defendant
Wentworth.

Before: BRONSON, P. J., and HOLBROOK and
O'HARA,* JJ.

PER CURIAM. On January 5, 1970, plaintiff was
evicted from her premises by defendant Earl
Wentworth. Deputy Sheriff Wentworth had to use
"reasonable force", acting under color of an order
of the district court. Plaintiff's property was taken
to defendant B & J Moving and Storage, Inc.

On January 9, 1973, two years and four days
later, plaintiff filed a six-count complaint with jury
demand alleging January 15, 1970 as the date of
the eviction. Each defendant appeared specially
and moved for accelerated and summary judgment
(GCR 1963, 116 and 117) but did not answer.
Plaintiff then amended the complaint of right,[1]
including jury demand. The date of accrual was
changed to January 5, 1970, and a claim of insan-
ity which could toll the statute of limitations was

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] GCR 1963, 118.1. The defendants, although contesting this below,
have conceded in the briefs that the complaint was properly amended
by right.

added to each count. MCLA 600.5851(1) and (2); MSA 27A.5851(1) and (2).[2]

Defendants again moved for summary relief under GCR 1963, 116, 117 or both. Accelerated judgment was granted defendant Wentworth and partial summary judgment was granted defendant B & J Moving and Storage. Plaintiff's motion to reconsider was denied and she appealed to this Court. The appeal was returned because the partial summary judgment was not a final order within the meaning of GCR 1963, 518.2. On August 17, 1973, the circuit court entered a final order of summary judgment and plaintiff appealed.

If plaintiff properly pleads and proves the alleged disability of insanity commencing simultaneously with the eviction, it will be dispositive of the statute of limitations question. A second question concerning the nature and timing of a demand and if it is necessary to the accrual of a cause of action for conversion will be discussed *infra*.

The statute of limitations is an affirmative defense. GCR 1963, 116.1(5) and GCR 1963, 111.7. While affidavit hearings and immediate trials concerning defenses are available in certain circumstances, GCR 1963, 116.3, this procedure is not available if jury trial was timely demanded. GCR 1963, 116.3 reads, *inter alia:*

---

[2] The statute includes insanity and defines it. The relevant portions read:

"Sec. 5851. "(1) If the person first entitled to make an entry or bring any action is under 21 years of age, insane, or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided in section 5852.

"(2) The term insane as employed in this chapter means a condition of mental derangement such as to prevent the sufferer from comprehending rights he is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane."

"As to defenses and objections based upon subrule 116.1(5), the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, and *shall* postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing." (Emphasis added.)

Such is the instant case. We observe that plaintiff set forth the disability in conclusory terms. The complaint must set forth "a statement of the facts without repetition upon which the pleader relies * * * ". GCR 111.1(1). On remand the plaintiff should be allowed to correct the averment. See: *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).

Entry of summary and/or accelerated judgment was improper. The plaintiff has raised the question of tolling the statute of limitations by the disability of insanity. Properly pleaded, this raises questions of fact to be determined at trial.[3]

Our determination of this issue renders the remaining issues raised by defendants moot.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff-appellant.

[3] *See: Davidson v Baker-Vander Veen Co,* 35 Mich App 293; 192 NW2d 312 (1971).