FLYNN v McLOUTH STEEL CORPORATION

OPINION OF THE COURT

1. JUDGMENT—ACCELERATED JUDGMENT—LIMITATION OF ACTIONS—
   COURT RULES—QUESTION OF FACT.

The procedure to be followed in considering a motion for acceler-
ated judgment when a statute of limitations defense has been
raised is governed by court rule and is dependent upon whether
a disputed question of fact on that issue has been presented
and whether a jury trial has been demanded (GCR 1963, 116.3).

2. LIMITATION OF ACTIONS—ACCRUAL OF CLAIM—QUESTION OF FACT.

The question of the governing date of accrual of a cause of action
for statute of limitations purposes was a disputed question of
fact where a claimant alleged in his complaint that his injury
occurred on a specific date, and in a later deposition gave
another date, which brought into play a statute of limitations
defense.

3. JUDGMENT—ACCELERATED JUDGMENT—LIMITATION OF ACTIONS—
   COURT RULE.

A trial court could properly consider a defendant's motion for
accelerated judgment which was brought after the filing of the
first responsive pleading, although such a delay would ordinar-
ily violate the court rule, where the defendant could not be
expected to anticipate from the plaintiff's complaint that a
statute of limitations defense would become apparent, and
where the plaintiff did not object to the timing of the motion
but rather filed an answer and supporting affidavit and partici-
pated in the hearing on the motion (GCR 1963, 116.1).

4. PLEADINGS—MOTIONS—AMENDED PLEADINGS—ACCELERATED JUDG-
   MENT—COURT RULE.

A request for permission to file an amended answer raising a
newly discovered defense is to be preferred over filing a motion

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 47 Am Jur 2d, Judgments § 1158.
   73 Am Jur 2d, Summary Judgment § 26.
[2, 5] 51 Am Jur 2d, Limitation of Actions §§ 107, 488.

for accelerated judgment without amending the answer, where discovery of the new defense comes too late for the defendant to comply with the court rule requirement that a motion for accelerated judgment be filed not later than the first responsive pleading (GCR 1963, 116).

DISSENT BY V. J. BRENNAN, J.

5. LIMITATION OF ACTIONS—QUESTION OF FACT.
    *The deposition testimony of a plaintiff which clearly, unequivocally, and persuasively relates the date of his injury to the death of another employee, which is a known date, leads to the conclusion that the date of the injury is not a disputed fact and that the statute of limitations applies.*

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 June 6, 1974, at Detroit. (Docket No. 15655.) Decided October 7, 1974.

Complaint by David A. Flynn against McLouth Steel Corporation for negligence. Accelerated judgment for defendant. Plaintiff appeals. Reversed.

*Ripple & Chambers, P. C.* (by *Sanford L. Steiner),* for plaintiff.

*Martin, Bohall, Joselyn, Halsey & Rowe, P. C.,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

BRONSON, P. J. This case presents for decision the following important issue:
    *Will the authority of a trial judge to rule on a motion for accelerated judgment be eliminated by the mere demand for a trial by jury, even when no disputed issues of fact are presented by the motion?*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

GCR 116.3 provides, in pertinent part, as follows:

"As to defenses and objections based upon sub-rule 116.1(5), the court may order immediate trial of any *disputed* questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, and shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing." (Emphasis supplied.)

Defendant-appellee McLouth Steel filed a motion for accelerated judgment in this case, citing the expiration of the limitations period. Since the defense of statute of limitations is listed in rule 116.1(5), the motion was properly considered by the trial judge under that part of rule 116 quoted above. GCR 1963, 116.1(5).[1] Plaintiff-appellant Flynn made a timely demand for jury trial in accordance with rule 116.3.

Flynn argues that the mandatory language of rule 116.3 *(shall* postpone the hearing) requires the trial judge to refuse to consider the motion for accelerated judgment, given the jury trial demand. In his view, whenever a jury trial is demanded the judge is powerless to pass on a motion for accelerated judgment. We disagree.

The language of rule 116.3 quoted above is specifically addressed to *disputed* questions of fact, and prescribes the procedure to follow when such questions are presented in a motion for accelerated judgment on a ground listed in 116.1(5). Necessar-

---

[1] We do not decide whether a statute of limitations defense could be properly raised by a motion for summary judgment. *Compare Cibor v Oakwood Hospital,* 14 Mich App 1, 10; 165 NW2d 326, 331 (1968) (concurring opinion of Judge, now Justice, LEVIN).

ily implied by such language is a preliminary issue: whether there is a disputed question of fact presented. This is a question of law, properly addressed to and determined by the trial judge. If he decides that a disputed question of fact is *not* presented, the procedural alternatives, including the required postponement of the hearing when a demand for jury trial is made, do not apply. *Mills v Stankiewicz,* 27 Mich App 483; 183 NW2d 602 (1970). The judge may properly go on to determine questions of law based on undisputed questions of fact himself. *Id.* at 485.

Such a construction is consistent with the fair meaning of the rule. It also provides adequate protection for the right to jury trial. Since there is no right to jury trial on issues which are not actually in dispute, the procedure contemplated in rule 116.3 will allow the trial judge to isolate just those issues appropriate for jury deliberation.

Moreover, this construction avoids the absurd result entailed by a wooden application of Flynn's interpretation. A mere demand for jury trial, even in the face of an obviously meritorious rule 116.1(5) defense, would—under Flynn's interpretation—force the judge to "postpone the hearing * * * until trial". Such a needless waste of time and resources cannot be countenanced and is avoided by allowing the judge to decide at the outset whether disputed questions of fact are presented. If so, and if a jury trial has been demanded,[2] the judge must postpone the hearing until trial on the merits.[3] If disputed questions of fact are *not* presented, the judge must consider the

---

[2] If no jury trial has been demanded, then the hearing may be held immediately or may be postponed, at the judge's option. GCR 1963, 116.3.

[3] *See VanBuren v B & J Moving and Storage, Inc,* 54 Mich App 266; 220 NW2d 746 (1974).

merits of the motion himself, after hearing. The hearing may be held immediately or may be postponed, in the judge's discretion.

Applying these principles to the case at bar, we conclude that the trial judge, in granting the motion for accelerated judgment in the face of Flynn's demand for jury trial, must have decided that the questions of fact presented by McLouth's motion were undisputed. Otherwise, he would have been bound by rule 116.3 to postpone a hearing on the motion until trial.

However, a review of the facts underlying the motion, in light of the recent pronouncements in *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973), indicate that the facts may well be disputed and require that the case be remanded for further proceedings.

On September 15, 1971, Flynn filed an action seeking damages for an injury resulting from an alleged slip and fall caused by a foreign substance on a stairway owned and maintained by McLouth Steel. The complaint sets the date of injury as October 10, 1968, while Flynn was working for Hall Engineering—a subcontractor of McLouth— on McLouth's premises.

Flynn was deposed on January 19, 1972. His testimony disclosed for the first time a possible statute of limitations defense. At least three times he clearly stated that the injury complained of occurred *prior to* the accidental death of a fellow worker.[4] It is undisputed that the date of Flynn's injury is to be measured in relation to this other incident. It is also clear that the fatality to which Flynn referred and which he vividly remembers occurred on a Sunday.

---

[4] It is not clear whether the victim of this fatality was a co-employee (of Hall Engineering) or an employee of another subcontractor.

Over eight months later, on September 29, 1972, McLouth filed a motion for accelerated judgment, supplemented by affidavits. Included was the affidavit of Mr. Hall, the president of Hall Engineering, in which it was alleged 1) that the only fatal accidents involving a Hall employee during 1968 happened on Sunday, June 30, 1968, in a manner strikingly similar to that testified to by Flynn in the latter's deposition and 2) that Flynn did not work for Hall on October 10, 1968, though he was working for Hall on McLouth's premises on June 30, 1968. Employment records were attached in support of the latter allegation.

In response, Flynn submitted a "verified affidavit" stating that he believed the accident occurred on October 10, 1968. This was based on a review of his union records, which were also submitted but which reveal only that Flynn worked for Hall between October 3 and October 12, 1968.

Two other items lend rather limited support to Flynn's claim. He testified in the deposition that he left work "right after the accident". Since his employment with Hall during October, 1968 is undisputed, such testimony supports the October, rather than June, injury date. Further, three co-workers who were said (by Flynn) to have been present on the day of his injury were not all present on June 30, but were present on October 10, 1968.

*Rizzo, supra,* in the analogous summary judgment setting, provides an appropriate standard[5] for resolving the question of disputability:

"The court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome." *Id.* at 372.

---

[5] A directed verdict standard is rejected for the reasons stated in *Rizzo, supra,* at 379.

The question of the governing date of accrual of a cause of action for statute of limitations purposes is a question of fact. *Tumey v City of Detroit,* 316 Mich 400, 411; 25 NW2d 571 (1947); *Ames v MacPhail,* 289 Mich 185; 286 NW 206 (1939).

We are not unmindful of the proposition advanced by McLouth that general allegations of fact, without explanation, are not enough to rebut strong inferences raised by affidavits submitted in connection with pretrial motions. This is especially true when the nonmovant has made statements of fact which can arguably be considered binding on him. See *Gamet v Jenks,* 38 Mich App 719, 726; 197 NW2d 160, 164 (1972). We point out, however, that *Gamet* is a pre-*Rizzo* case. Moreover, it is for the trial court, on remand, to decide whether Flynn has done enough to escape the force of *Gamet* and merits the protection *Rizzo* seeks to provide.[6]

One other issue raised by Flynn must be discussed in order to guide the trial court on remand.

Flynn maintains that the motion for accelerated judgment was improperly considered by the trial court because untimely in that it was neither filed in McLouth's first responsive pleading nor by motion not later than that first responsive pleading. GCR 1963, 116.1.

Under most circumstances, an eight-month delay would plainly violate the rule. But McLouth could not have been expected to anticipate the statute of limitations defense, given Flynn's well-pleaded complaint. Moreover, Flynn made no objection to the timing of the motion but rather filed an answer, an affidavit in support, and partici-

[6] Fears that the standard adopted here is too weak to prevent sham claims from being properly screened are unfounded. *See* GCR 1963, 116.5.

pated fully in the hearing on the motion. He was neither misled nor prejudiced.

However, the better practice is to request permission to file an amended answer, raising the newly discovered defense. The matter should then be noticed for hearing under GCR 1963, 116.3. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (Supp, 1974), p 87. This procedure is to be preferred over filing a motion for accelerated judgment without amending the answer because it focuses attention on possible prejudice to the nonmovant, see GCR 1963, 118.1, and also avoids problems of waiver. See *Manufacturers Construction Co v Covenant Investment Co,* 43 Mich App 123; 204 NW2d 54 (1972); *Great Lakes Restaurants, Inc v Rumery Construction Co, Inc,* 23 Mich App 501; 179 NW2d 36 (1970).

In the present case McLouth did not seek to file an amended answer, but rather moved for accelerated judgment. Upon remand, we urge that the procedure outlined above be followed.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellant.

VAN VALKENBURG, J., concurred.

V. J. BRENNAN, J. *(dissenting).* This appeal stems from plaintiff's claim of injury and damages resulting from a slip and fall allegedly caused by a foreign substance on a stairway owned and maintained by defendant.

On September 15, 1971, plaintiff filed his action and demand for jury trial. The complaint sets the date of injury as October 10, 1968.

Defendant's answer, shortly thereafter, denied negligence and claimed contributory negligence as an affirmative defense.

Plaintiff was deposed on January 19, 1972. The

deposition testimony indicated that the injury occurred on June 30, 1968, which raised a statute of limitations defense.

On September 29, 1972, defendant filed a motion for accelerated judgment on the ground of the limitations defense as a bar to plaintiff's action.

The motion was heard on October 27, 1972. Accelerated judgment was granted by the trial court. Plaintiff appeals this decision.

On the first issue presented I concur with my colleagues. I find it unnecessary to consider the propriety or timeliness of defendant's motion for accelerated judgment. In certain situations this type of motion may be filed after the first responsive pleading (GCR 1963, 116), "to secure the just, speedy, and inexpensive determination of every action". *Manufacturer's Construction Co v Covenant Investment Co,* 43 Mich App 123, 128; 204 NW2d 54, 56 (1972). This is such a case. The trial court has that discretion where he feels there are no disputed questions of fact.

My review of the record and transcript on the motion hearing for accelerated judgment leads to the conclusion that June 30, 1968, was the date of plaintiff's injury and that the statute of limitations bar applies. Plaintiff's deposition testimony clearly, unequivocally and persuasively relates the date of his injury to the death of an apprentice on the job. The apprentice was killed on June 30, 1968. Nothing in the record controverts this finding. My fellow judges on this panel have determined that the date of the accident is still a disputed fact. For it to become a disputed question of fact at trial, the plaintiff is going to have to perjure himself—that is if the deposition was taken under oath.

The granting of defendant's motion for accelerated judgment should be affirmed.