## TRICK v BUHR

### OPINION OF THE COURT

1. JUDGMENT—SUMMARY JUDGMENT—COURT RULES—ISSUE OF MATE-
RIAL FACT—TRUSTS—MISMANAGEMENT.

No genuine issue of material fact exists, in a suit by a trust
beneficiary alleging improprieties in the management of the
trust, where the lawsuit was filed some 15 years ago, the lower
court judges have without exception granted plaintiff's discov-
ery requests and the plaintiff still is unable to point to any
specific instance of wrongdoing; therefore, summary judgment
for defendants was properly granted (GCR 1963, 117.2[3]).

### DISSENT BY D. E. HOLBROOK, JR., J.

2. JUDGMENT—SUMMARY JUDGMENT—TRUSTS—MISMANAGEMENT—
COURT RULES.

*Summary judgment was improperly granted, in a suit alleging
trust mismanagement; because a review of the record indicates
that there is an issue of material fact in dispute (GCR 1963,
117.2[3]).*

Appeal from St. Joseph, Robert E. A. Boyle, J.
Submitted June 12, 1975, at Detroit. (Docket No.
17414.) Decided December 10, 1975. Leave to ap-
peal applied for.

Complaint by Margaret Buhr Trick against Jo-
seph H. Buhr and others alleging mismanagement
of a trust of which plaintiff is a beneficiary. Sum-
mary judgment for defendants. Plaintiff appeals by
leave granted. Affirmed.

*Clifford J. Kirvan (Harold B. Clark,* of counsel),
for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Summary Judgment § 26.

*Roscoe O. Bonisteel, Jr.* (by *Edmund J. Sikorski, Jr.*) (*Louis E. Burke* and *Devine & Devine,* of counsel), for defendants.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, J. On June 28, 1960, plaintiff filed suit against defendants, alleging various improprieties in the management of a trust set up by her father; plaintiff being one of three beneficiaries named in the trust agreement. On May 7, 1973, the trial judge granted defendants' request for a summary judgment, based on his finding that no genuine issue of material fact existed. GCR 1963, 117.2(3). This Court granted plaintiff leave to appeal.

The trial judge based his summary judgment order on certain admissions made by plaintiff while she was being deposed. Essentially, he found that plaintiff had admitted that many of the allegations made in her complaint were false, and that she had further admitted that she knew of no evidence to support the remaining allegations. The trial judge ruled that plaintiff was bound by these admissions, and therefore that no genuine issue of material fact existed.

On appeal, plaintiff does not contend that her admissions are not binding against her,[1] rather she argues that she did not "admit away" all material allegations made in her complaint. She argues that under *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973), it was improper for the trial judge to have granted summary judgment when any material allegation in her complaint remained uncontradicted. Whatever the applicability of

---

[1] *See Gamet v Jenks,* 38 Mich App 719; 197 NW2d 160 (1972), *Flynn v McLouth Steel Corp,* 55 Mich App 669; 223 NW2d 297 (1974).

*Rizzo, supra,* is in a non-jury case such as this action, we find that the trial judge here correctly granted summary judgment for the following reasons.

This lawsuit was filed some 15 years ago. It has, at various times, been heard in four different counties by nine different judges. Plaintiff herself has been represented by at least ten different law firms. Plaintiff charges that the trustees engaged in self-dealing transactions with the trust, but admits that under the trustees' management the trust corpus has grown from $127,000 to a present value of over $7,000,000.

During the pendency of the suit, plaintiff has sought accountings and other information through various discovery techniques. The lower court judges have, without exception, granted her discovery requests. Defendants have always complied. Nonetheless, at her deposition, plaintiff was unable to point to any specific instance of wrongdoing on anybody's part. When asked what her basic complaint was, she would only respond with vague statements that she wanted more information.

We think that this 13-year-long fishing expedition must come to an end. Plaintiff has been given every chance to make out a case, and she has failed. The lower court record belies her contention that the trustees have performed improperly; we are constrained to agree with the trial judge's assessment of this entire proceeding:

"This Court finds that this case has been used as a vehicle of harassment—for harassment and vexation against the defendants and other persons connected with the case, including the beneficiaries and the trustees, and that the plaintiff by her own sworn testimony in the depositions establishes that there is no genuine material issue of fact, that there has been nothing

really withheld from her, that the assets, the income
and all points relating to them are available, and I
should say that the trustees or whoever has been ac-
counting for them have done a pretty fine job to have a
principal corpus swell in a comparatively short time—it
has been a matter of years—from $127,000 to $7,000,-
000."

Defendants' affidavits in support of summary
judgment, although tardily filed, suffice to meet
the requirements of GCR 1963, 117.3.

Affirmed. Costs to be paid by plaintiff.

BRONSON, P. J., concurred.

D. E. HOLBROOK, JR., J. *(dissenting).* I dissent.
Summary judgment is only proper when "there is
no genuine issue as to any material fact". GCR
1963, 117.2(3). *Durant v Stahlin,* 375 Mich 628,
646; 135 NW2d 392 (1965) (concurrence of SOURIS,
J.). My study of the record indicates that there is
still an issue of material fact in dispute.

I would reverse and remand for proceedings
consistent with this opinion.