GEISLAND v CSUTORAS

1. LIMITATION OF ACTIONS—INSANE PERSONS—JUDICIAL DECLARATION
   OF INSANITY—RELIANCE BY CIRCUIT COURT—ERROR—STATUTES.

   The term insane as employed in a statute governing the limita-
   tions for the commencement of civil actions is not dependent
   upon whether a person has been judicially declared to be
   insane; therefore, it was reversible error for a circuit court to
   rely upon a judicial determination at a prior proceeding in the
   probate court that a party was physically rather than mentally
   infirm where the party subsequently commenced a delayed
   action and claimed that the statute of limitations should be
   tolled because he was insane at the time his claim occurred
   (MCLA 600.5851; MSA 27A.5851).

2. LIMITATION OF ACTIONS—INSANE PERSONS—TOLLING—DISABILITY OF
   INSANITY—FACT QUESTIONS—RAISING FACT QUESTION—AMEND-
   MENT OF PLEADINGS.

   The question of tolling the statute of limitations by the disability
   of insanity where not raised in the pleadings may be raised
   through oral argument in the trial court, and where this fact
   question is raised, the trial court should allow the pleadings to
   be amended so that the alleged disability of insanity may be
   tried and determined.

3. LIMITATION OF ACTIONS—PLEADING—AFFIRMATIVE DEFENSES—
   AMENDMENTS TO PLEADINGS—WAIVER OF DEFENSE—JUDICIAL
   DISCRETION—COURT RULES.

   Generally, failure to file an answer or amended answer which
   includes the affirmative defense of the statute of limitations
   prior to a motion for accelerated judgment will constitute a
   binding waiver of the defense; however, permission to amend
   an answer to include such affirmative defense may be granted
   by a trial court where other defendants in the same action
   have already raised this affirmative defense and the plaintiff is
   neither misled nor prejudiced (GCR 1963, 116.1, 118.1).

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 188.
[2] 51 Am Jur 2d, Limitation of Actions § 488.
[3] 51 Am Jur 2d, Limitation of Actions § 425.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted June 8, 1977, at Lansing. (Docket No. 26373.) Decided September 21, 1977.

Complaint by Karen Geisland, as guardian of Gerald O. Carney, against Donald Csutoras, the City of Flint and the Township of Davison for damages for negligence, assault and battery and false imprisonment. Accelerated judgment for defendants on the counts of assault and battery and false imprisonment. Plaintiff appeals. Reversed and remanded.

*Cholette, Perkins & Buchanan* (by *Robert A. Benson),* for plaintiff.

*Milliken & Magee,* for defendant City of Flint.

*Wilson, Portnoy, Basso & Leader,* for defendants Donald Csutoras and Township of Davison.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

PER CURIAM. On November 21, 1972, a suit was filed by plaintiff against the three defendants asserting negligence on defendants' part arising out of an incident occurring on November 22–24, 1969. Plaintiff Geisland is the guardian of Gerald O. Carney, the party allegedly damaged in that incident. On January 29, 1974, plaintiff filed an amended complaint containing three counts, the first asserting negligence, the second asserting assault and battery, and the third asserting false imprisonment. In its answer to both complaints the defendant City of Flint set forth *inter alia* the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

affirmative defense that the statute of limitations had run as to the assault and battery and false imprisonment causes of action. Defendants Csutoras and Township of Davison did not specifically assert the statute of limitations as an affirmative defense in their responsive pleadings. Trial began on October 21, 1975, on which date all three defendants moved for accelerated judgment as to counts two and three on the ground that they were barred by the statute of limitations. The trial court granted these motions and it is this ruling that plaintiff on appeal asserts was erroneous. As to count one the jury returned a verdict of no cause of action from which plaintiff has not appealed.

Plaintiff makes two arguments. We first discuss plaintiff's argument that the trial court erred in holding that the two-year statute of limitations had run. Plaintiff asserts that the statute was tolled by virtue of the "insanity" of Gerald O. Carney. MCLA 600.5851; MSA 27A.5851 reads in part:

"Sec. 5851. (1) Commencement of action; operation of section. If the person first entitled to make an entry or bring any action is * * * , insane, * * * at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.

"(2) Insanity, definition. The term insane as employed in this chapter means a condition of mental derangement such as to prevent the sufferer from comprehending rights he is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane."

The circuit court in making its determination that the statute of limitations had not been tolled relied on a prior determination by the probate court that Gerald O. Carney was physically infirm. The probate court had appointed Karen Geisland guardian of Gerald O. Carney pursuant to MCLA 703.1(7); MSA 27.3178(201)(7) which reads:

"Sec. 1. The judge of probate in each county may, in all proper cases, appoint guardians of inhabitants or residents in his county, and also to such as reside without the state, and have any estate within his county, as follows:

\* \* \*

"(7) Of the estate of a person who is mentally competent, but who by reason of age or physical infirmity is incapable of the care, custody and management of his estate, and who shall voluntarily petition the judge of probate for the appointment of a guardian."

The circuit court stated:

"[The Court] I have kind of decided I'm taking judicial notice of the previous proceedings held in the Ottawa County Probate Court, and I think what Plaintiffs' counsel is asking me to do is go behind that order, pierce it in some fashion, and allow the jury to decide whether the man was competent or incompetent at that point.

\* \* \*

"It appears that he had this petition filed by himself, duly notarized, that he was physically infirm, and although there wasn't a finding at that point that he was mentally competent, there is that presumption. I think the presumption is strong enough for this Court to uphold it at this time and indicate that I have to concur, again, with defense counsel, that as to the issues of false imprisonment, false arrest, the Court will have to dismiss.

"MR. PORTNOY: Assault and Battery?

"THE COURT: And Assault and Battery, because of the statute of limitations problem.

\* \* \*

"I think that I am relying a great deal on the fact that that was judicially determined, that he was mentally—or, physically infirmed, and, consequently, because of this, I think I have to rule with the defendants in that the statute of limitations has run."

We believe that the circuit court erred in so ruling, because the statutory provision specifically states that,

"The term insane as employed in this chapter \* \* \* is not dependent on whether or not the person has been judicially declared to be insane."

and because the definition of insanity in that statute is somewhat different from the definition of insanity which is applied under the probate code. See *In re Johnson's Estate,* 286 Mich 213; 281 NW 597 (1938).

Defendant City of Flint seeks to uphold the trial court's grant of accelerated judgment by arguing that the plaintiff never put Gerald O. Carney's sanity in issue:

"Nothing was presented to the trial court at the time of argument of the Motion for Accelerated Judgment which would permit the Court to conclude that a disputed question of fact was presented as to Plaintiff's 'insanity' so as to preclude grant of such accelerated judgment."

Defendant City of Flint cites *Van Buren v B & J Moving & Storage, Inc,* 54 Mich App 266, 269; 220 NW2d 746 (1974):

"The plaintiff has raised the question of tolling the

statute of limitations by the disability of insanity. Properly pleaded, this raises questions of fact to be determined at trial."

When read in full, however, *Van Buren* supports plaintiff and not defendants. We agree that plaintiff in the instant case failed to properly plead the alleged disability of insanity. However, the plaintiff in *Van Buren* also failed to properly plead the disability. In *Van Buren* this Court found that though it had not been properly pleaded the issue had been raised and therefore the case should be remanded to allow plaintiff to "correct" the pleadings so that the factual question of sanity could be tried and determined. In the instant case, plaintiff in oral argument in the circuit court clearly raised the question of the tolling of the statute:

"This is a question of fact, I believe, for the jury to determine from all of the evidence whether or not he was insane under the definition of that statute, under the determination by the factual finding of the jury as to whether or not he was insane at the time this injury happened in 1969, at Hurley Hospital. I think the case, the evidence will clearly show that he was."

We therefore hold that this cause must be remanded to the trial court. On remand the plaintiff is to be allowed to amend pleadings so as to properly plead the alleged disability of insanity.

The other argument asserted by the plaintiff in this appeal applies only to defendants Csutoras and Township of Davison. Plaintiff argues that by failing to raise the affirmative defense of the statute of limitations in a motion filed at or before the filing of the first responsive pleading, or in that first responsive pleading, the defense was waived.

GCR 1963, 116.1 reads in relevant part:

"Rule 116 Accelerated Judgment.

".1 Grounds. In a party's first responsive pleading, or by motion filed not later than his first responsive pleading, a party may demand that service of process be quashed or that judgment be entered dismissing 1 or more claims asserted against him upon any of the following grounds:

\* \* \*

"(5) the claim is barred because of \* \* \* statute of limitations, \* \* \* "

However, GCR 1963, 118.1 provides:

".1 Amendments \* \* \* Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires \* \* \* ".

Here the defendants did not request permission to file an amended answer prior to their motion for accelerated judgment. Without more, this would constitute a binding waiver of that defense. In this case, however, since the defendant City of Flint had properly raised the affirmative defense of statute of limitations as to counts two and three, the plaintiff was neither misled nor prejudiced in any manner when defendants Csutoras and Township of Davison asserted that same defense to those same two counts. We suggest, therefore, that on remand defendants Csutoras and Township of Davison seek the permission of the trial court to amend their answer to include the affirmative defense of the statute of limitations. A hearing on that motion would provide a proper forum to decide the issue. See *Flynn v McLouth Steel Corp,* 55 Mich App 669, 675–676; 223 NW2d 297 (1974). If permission to amend is granted the question of whether the statute was tolled by Gerald O. Carney's disability will then have to be decided.

Defendants Csutoras and Township of Davison also raise several other issues which we find to lack merit.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.